Filed 1/11/23  P. v. Anderson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B315325 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA015951) |
| v. | |
| RAY LAMAR ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Reversed and remanded with instructions.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1993, defendant Ray Lamar Anderson was convicted of one count of first degree murder, in violation of Penal Code[1] section 187, subdivision (a), and one count of kidnapping, in violation of section 207, subdivision (a).  He was sentenced to an aggregate prison term of 25 years to life, plus 17 years 8 months.  We affirmed the judgment of conviction in an unpublished opinion.

In May 2020, Anderson filed a petition for resentencing under section 1170.95.[2]  In the petition, Anderson claimed he was entitled to resentencing under certain newly added amendments to the Penal Code that limit the circumstances under which a defendant may be convicted of first degree murder via the felony-murder rule.  The trial court appointed counsel for Anderson, issued an order to show cause, and held a hearing at which it heard arguments from counsel and denied the petition.  Although Anderson's appointed counsel attended the hearing at which the court denied the petition, Anderson was not present at that hearing.

---

[1] Undesignated statutory citations are to the Penal Code.

[2] We note that on June 30, 2022, section 1170.95 was renumbered, without substantive change, as section 1172.6.  (See Stats. 2022, ch. 58, §§ 10, 47 [Assembly Bill No. 200, which renumbered § 1170.95 as § 1172.6, and provided that the statute took effect immediately on June 30, 2022]; *People v. Delgadillo* (Dec. 12, 2022, S266305) --- Cal.5th ---, ---, fn. 3 [2022 WL 17748063, at p. *2, fn. 3] [noting that Assembly Bill No. 200 renumbered former § 1170.95 to § 1172.6 without any substantive change].)  For the sake of clarity and consistency, this opinion refers to former section 1170.95 when discussing the statute governing Anderson's resentencing petition.

On appeal, we hold the trial court violated Anderson's right to attend the resentencing hearing, which is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution and article 1, section 15 of the state Constitution. Furthermore, we cannot conclude that this error was harmless under the standard of prejudice applicable to violations of the federal Constitution. Consequently, we reverse the court's order denying the petition, and instruct the court to conduct a new resentencing hearing at which Anderson may (a) appear and present new or additional evidence in support of his petition, or (b) provide a knowing, intelligent, and voluntary waiver of his right to attend the hearing.

## PROCEDURAL BACKGROUND[3]

We summarize only those facts that are pertinent to our disposition of this appeal.

On August 5, 1992, the People filed an information charging Anderson with one count of murder, in violation of

---

[3] Our procedural background is derived in part from admissions made in the parties' appellate briefing. (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 668, 674 [criminal case in which the Court of Appeal stated: " 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "].) Additionally, we previously took judicial notice of the record from Anderson's direct appeal in case No. B078721; portions of our procedural background are taken from that prior record as well. (Evid. Code, §§ 452, subd. (d), 459.)

section 187, subdivision (a), and one count of kidnapping, in violation of section 207, subdivision (a).  In connection with the murder charge, the People averred Anderson perpetrated the murder in the course of committing a kidnapping within the meaning of section 190.2, subdivision (a)(17), and that the murder involved the infliction of torture within the meaning of section 190.2, subdivision (a)(18).  For both offenses, the People alleged that a principal was armed with a firearm for the purposes of section 12022, subdivision (a)(1).

On April 27, 1993, a jury found Anderson guilty of kidnapping and first degree murder.  In connection with both offenses, the jury found true that a principal was armed with a firearm for the purposes of section 12022, subdivision (a)(1).  Conversely, the jury found not true the allegations that: (1) Anderson perpetrated the murder in the course of committing a kidnapping within the meaning of section 190.2, subdivision (a)(17); and (2) the murder involved the infliction of torture within the meaning of section 190.2, subdivision (a)(18).  On June 24, 1993, the trial court sentenced Anderson to an aggregate prison term of 25 years to life, plus 17 years 8 months.

On February 28, 1995, we affirmed the judgment in an unpublished opinion.[4]

On May 12, 2020, Anderson filed a petition for resentencing under section 1170.95.  In the petition, Anderson asserted he was convicted of first degree murder under the felony-murder rule but could not now be so convicted because of changes to section 189 that became effective on January 1, 2019.  In particular,

---

[4] We, sua sponte, take judicial notice of our prior appellate opinion.  (Evid. Code, §§ 452, subd. (d), 459.)

4

Anderson claimed that he was not "the actual killer"; he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and he "was not a major participant in the felony **or** . . . did not act with reckless indifference to human life during the course of the crime or felony." The trial court later appointed counsel to represent Anderson.

On November 20, 2020, the People filed a response to Anderson's petition. The factual and procedural history section of the People's response incorporated by reference the following excerpt of the opinion from Anderson's direct appeal:

> Early one morning (about 8:00 a.m.), Gloria White heard four or five gunshots, looked outside and saw Cedric Davis (the victim) stumbling out of a garage at Shirley Vanless's house. Davis was handcuffed, covered with blood and pleading, "Someone help me. Please call the police." As White continued to watch, Davis went to Vanless's front door and fell in the doorway—followed by Anderson (sporting a distinctive, diamond-design haircut) and another man on his heels, both armed with guns. Anderson and the other man grabbed Davis and forced him into a blue car parked in Vanless's driveway, then drove off. White later identified Anderson and had "no doubt" that he was one of the men who took Davis away.[5]

---

[5] In their brief, the People omitted a footnote that appears at the end of this textual paragraph in the appellate opinion. This discrepancy has no impact on the instant appeal.

Meanwhile, Shirley Vanless came out of her house, asking, "What the fuck is going on here?" Vanless had been in bed with Jacob Howard when she heard a noise "like somebody . . . raping somebody in [the] garage" and she went outside where she saw essentially the same thing as White— a man with blood on his face calling for help. Vanless checked the garage but could not see anything because it was too dark. However, she heard and then saw Anderson, whom she recognized because she knew him, and she saw the blue car driving off, with Anderson in the passenger seat and Davis in the back. Other witnesses also heard or saw some or all of these events (gunshots, voices in the garage, a staggering victim, two men putting the victim in the car) but they were unable to identify Anderson.

At about 9:30 a.m., Xanthia Garcia (who was at her house some distance from the Vanless home) heard three shots, looked outside and saw two men driving off in a blue car. She went outside, found a body and called 911. When the police arrived, they found Davis's dead body, still handcuffed.

The police went to Vanless's house, where they found a trail of blood leading from Vanless's driveway to her front door. A bloody jacket (with a small amount of cocaine in the pocket) was found on the walkway and a lot of bloody clothing was found in the garage. Later, the police found a "Mobil Torrance Refinery" badge at Vanless's house (Davis worked at the Mobil Refinery in Torrance). That night, the

burned remains of Davis's car were found a mile or two away from Vanless's house.

A few days later, Daniel Jackson (another witness) identified Anderson and told the police about what he had seen. Anderson was arrested and charged with murder . . . .

On February 19, 2021, the trial court found that Anderson had stated a prima facie case and issued an order to show cause on the petition.

On May 19, 2021 and on June 16, 2021, Anderson's appointed counsel filed briefing concerning his petition for resentencing. The factual and procedural history section of each brief states the following: "The petitioner stipulates to the respondent's factual history and the procedural history for the purposes of this motion."

The trial court held a hearing on the order to show cause on July 23, 2021. It is undisputed that Anderson did not attend this hearing. (See Discussion, parts B–C, post.) After the People and defense counsel presented argument, the court denied the petition. In issuing its ruling, the court noted the People had proceeded under a felony-murder theory at trial, "so the focus . . . is whether or not [Anderson] was a major participant in the underlying felony and acted with reckless indifference [to] human life." The court also stated, "Anderson is a major participant conducting and acting in a manner either just as equal to the accomplice and having a gun, dragging the victim into a car, driving off, [and] going to another location." The court added that regardless of "who fired the gun, [Anderson] . . . act[ed] with reckless indifference to human life throughout this ordeal as long as it took."

7

On September 17, 2021, Anderson appealed the order denying his resentencing petition.

## DISCUSSION

### A.    Law Governing Section 1170.95 Petitions

" 'Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder . . . ." ' " (*People v. Cooper* (2022) 77 Cal.App.5th 393, 409 (*Cooper*).)  "As amended, the law defining malice provides that except for first degree felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.]" (*People v. Basler* (2022) 80 Cal.App.5th 46, 54 (*Basler*), quoting § 188, subd. (a)(3).) "Senate Bill 1437 amended section 189 to provide that a defendant who was not the actual killer or did not have an intent to kill is not liable for felony murder unless the defendant 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' [Citations.]" (See *Cooper*, at p. 411, quoting § 189, subd. (e)(3).)  " 'In addition to substantively amending sections 188 and 189 . . . , Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.' [Citation.]" (*Cooper*, at p. 409.)

"To pursue relief under section 1170.95, a petitioner 'file[s] a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts.' [Citation.]" (*Cooper*, *supra*,

8

77 Cal.App.5th at p. 411.) "The petition must declare that the requirements for relief are met," including that the petitioner "could no longer be convicted of murder" under the amendments added by Senate Bill No. 1437. (See *Cooper*, at pp. 398, 411.) "Upon filing 'a facially sufficient petition,' a petitioner is entitled to the appointment of counsel, and the parties then brief whether the petitioner has made a prima facie showing of entitlement to relief. [Citations.] If the trial court concludes the petitioner has made the required prima facie showing, it must issue an order to show cause." (*Id.* at p. 411.)

"After an order to show cause issues, the trial court must 'hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' [Citation.]" (*Cooper*, *supra*, 77 Cal.App.5th at p. 411.) "At that [resentencing] hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder . . . under the amended laws." (See *Basler*, *supra*, 80 Cal.App.5th at p. 55; see also *id.* at pp. 59–60, 62 [referring to this proceeding as a "resentencing hearing"].) "The prosecutor and the petitioner may . . . offer new or additional evidence to meet their respective burdens" at this resentencing hearing. (See Stats. 2018, ch. 1015, § 4 [initial version of § 1170.95, subd. (d)(3) added by Senate Bill No. 1437]; Stats. 2021, ch. 551, § 2 [version of § 1170.95, subd. (d)(3) as amended by Senate Bill No. 775, which retained the quoted text].)

## B.    The Parties' Arguments

In his opening brief, Anderson contends, "The trial court erred prejudicially by [(1)] conducting [Anderson's] evidentiary hearing in his absence, without his waiver of his right to be

9

present, and [(2)] allowing counsel to stipulate to a very brief factual summary from the opinion on his direct appeal as the only evidence to be considered[ ] to determine if he was a major participant acting with reckless indifference to human life in the underlying felony conviction."

Regarding the first claim of error, Anderson argues in his opening brief that he had a "state and federal constitutional right" to be present at the hearing on the order to show cause, "given the impact of his absence upon his ability to defend himself, including communicating with defense counsel, and offering testimony on his own behalf . . . ." Anderson asserts this violation of his constitutional rights constitutes reversible error under the "harmless beyond a reasonable doubt" standard announced in *Chapman v. California* (1967) 386 U.S. 18.

In connection with the second appellate claim, Anderson relies in his opening brief on certain amendments the Legislature made to section 1170.95 after the trial court denied his petition. In particular, Anderson maintains that *Cooper, supra,* 77 Cal.App.5th 393, construed the amendments made by Senate Bill No. 775 (effective on January 1, 2022)[6] as "preclud[ing] the use of the factual summary [from] the appellate opinion, unless the defendant acquiesces in its use." (Citing *Cooper, supra,* 77 Cal.App.5th at p. 400, fn. 9.) Anderson further argues Senate Bill No. 775's "fundamental changes and clarifications to the scope and procedures for adjudicating" resentencing petitions "apply retroactively to all cases not yet final on appeal," including the instant case.

---

[6] (See *Cooper, supra,* 77 Cal.App.5th at p. 398, fn. 2 [noting that Senate Bill No. 775 "went into effect on January 1, 2022"].)

In the respondent's brief, the Attorney General "agrees that [Anderson's] absence from the evidentiary hearing requires remand for a new evidentiary hearing where [Anderson] is provided the opportunity to appear or waive his appearance." Additionally, the Attorney General argues that we need not decide whether the trial court's "error must be assessed for prejudice under *Chapman* because the error in this case was not harmless" under the "test set forth in *People v. Watson* (1956) 46 Cal.2d 818" for errors of state law. At no point in the respondent's brief does the Attorney General address Anderson's other claim that the trial court erred in accepting defense counsel's stipulation permitting the court to consider the factual summary from the prior appellate opinion.

In lieu of a reply brief, Anderson submitted a letter "urg[ing] this court to accept respondent's concession[s]" that (1) "the trial court erred reversibly [by] holding [Anderson's] Penal Code section 1170.95 OSC hearing in [his] absence and without his personal waiver of his right to be present," and (2) this error "requires reversal of the denial of his petition, and a remand for a new evidentiary hearing on his petition." In the letter, Anderson does not renew his argument that the trial court erred in accepting his attorney's stipulation concerning the prior appellate opinion's factual summary.

## C. We Reverse the Denial of Anderson's Section 1170.95 Petition and Remand the Matter for a New Resentencing Hearing

As a preliminary matter, we observe the Attorney General does not identify explicitly the statutory or constitutional basis for Anderson's entitlement to attend the resentencing hearing. By conceding that a remand is proper because "the error in this

11

case was not harmless under the . . . *Watson* standard" generally applicable to " 'errors of state law[,]' " the Attorney General intimates the trial court violated some provision of *state* law by conducting the hearing in Anderson's absence.  Further, as we noted in Discussion, part B, *ante*, Anderson maintains he had a "state and federal constitutional right" to attend the hearing.

In determining whether Anderson had a legal right to attend the resentencing hearing, we apply a de novo standard of review.  (See *In re Lugo* (2008) 164 Cal.App.4th 1522, 1535 ["[W]hen the issue raised on appeal . . . is purely legal, such as the proper interpretation and application of a statute or constitutional provision, our review is de novo."].)

The Court of Appeal's decision in *Basler, supra*, 80 Cal.App.5th 46, is instructive on whether Anderson had a right to attend the evidentiary hearing.  There, the court held that a section 1170.95 petitioner "had state and federal constitutional rights to be personally present at his . . . resentencing hearing, or else provide a knowing, intelligent and voluntary waiver of those rights."  (See *Basler*, at pp. 56–59.)

At the outset of its analysis, *Basler* explained that the Sixth and Fourteenth Amendments to the federal Constitution and article 1, section 15 of the state Constitution guarantee a defendant the " 'right to be personally present in court "where necessary to protect the defendant's opportunity for effective cross-examination, or to allow him to participate at a critical stage and enhance the fairness of the proceeding." ' [Citations.]" (See *Basler, supra*, 80 Cal.App.5th at p. 57.)  According to the *Basler* court, a section 1170.95 resentencing hearing constitutes a critical stage to which the defendant's right to attend "attache[s]" because that proceeding is " 'akin to a plenary sentencing

12

hearing[.]' " (See *Basler*, at pp. 57–58.) *Basler* explained the trial court must " 'determine [at that hearing] whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts *in the same manner as if the petitioner had not previously been sentenced*,' " "the prosecution b[ears] the burden to prove 'beyond a reasonable doubt' that [the petitioner] is ineligible for resentencing," and "[t]he statute authorizes both parties to 'offer new or additional evidence to meet their respective burdens.' [Citation.]" (See *ibid.*)

Additionally, the *Basler* court observed its holding is consistent with case law recognizing that a postconviction resentencing hearing under Proposition 47 constitutes a critical stage to which the petitioner's Sixth Amendment right to counsel attaches. (See *Basler*, *supra*, 80 Cal.App.5th at p. 58, citing *People v. Rouse* (2016) 245 Cal.App.4th 292, 299–300; see also *People v. Hernandez* (2017) 10 Cal.App.5th 192, 196–197 ["Proposition 47 reclassified certain drug- and theft-related offenses as misdemeanors, except where the defendant has one or more disqualifying prior convictions . . . . [¶] . . . [¶] Proposition 47 also added section 1170.18, which permits a person who is currently 'serving a sentence' for a conviction of a reclassified offense to request to be resentenced to a misdemeanor."].) The *Basler* court further noted its "conclusion is supported by . . . *People v. Lewis* (2021) 11 Cal.5th 952," because although "[t]he *Lewis* court observed there was no constitutional right to appointed counsel in state postconviction proceedings," *Lewis* explained that an indigent prisoner seeking postconviction relief may be entitled to counsel if he or she " ' "states a prima facie case leading to issuance of an order to

13

show cause . . . ." ' " (See *Basler*, at p. 58, quoting *Lewis*, *supra*, 11 Cal.5th at p. 973.) *Basler* explained that because the section 1170.95 petitioner in that case had "stated facts sufficient to state a prima facie case warranting an evidentiary hearing," that hearing "implicat[ed] his Sixth Amendment rights . . . ." (See *Basler*, at pp. 58–59.)

We find *Basler*'s reasoning persuasive. In accordance with the doctrine of stare decisis, we adhere to *Basler's* holding that the Sixth and Fourteenth Amendments to the United States Constitution and article 1, section 15 of the California Constitution (1) guarantee a petitioner the right to attend a section 1170.95 resentencing hearing, and (2) bar a trial court from proceeding in the petitioner's absence unless he or she has provided a knowing, intelligent, and voluntary waiver of that right. (See *Basler*, *supra*, 80 Cal.App.5th at pp. 57, 59; see also *The MEGA Life & Health Ins. Co. v. Superior Court* (2009) 172 Cal.App.4th 1522, 1529 ["We, of course, are not bound by the decision of a sister Court of Appeal. [Citation.] But '[w]e respect stare decisis, however, which serves the important goals of stability in the law and predictability of decision. Thus, we ordinarily follow the decisions of other districts without good reason to disagree.' "].)

Next, the Attorney General admits: "The record shows that [Anderson] was not afforded the opportunity to appear" at the resentencing hearing and "nothing in the record show[s] that his counsel spoke to him prior to the hearing . . . ." The Attorney General further states: "The two briefs filed by [Anderson's] counsel in the superior court do not indicate they were served on [Anderson]" and "nothing in the record suggest[s Anderson] expressed any desire to waive his right to be present at the

14

hearing." Anderson does not challenge any of these assertions, meaning that he tacitly agrees with them.**7** Accordingly, the uncontested facts demonstrate that Anderson was deprived of his federal and state constitutional rights to attend the hearing.

Turning to the issue of prejudice, "[a] violation of the federal constitutional right [to personally attend a resentencing hearing] must be assessed for prejudice under *Chapman*[ citation]; we ask whether [the petitioner's] absence was harmless beyond a reasonable doubt." (See *Basler*, *supra*, 80 Cal.App.5th at p. 59.)

The resentencing hearing was an opportunity for the trial court to consider new or additional evidence on the issue of Anderson's "actions and mens rea" during the incidents in question in order to determine whether the prosecution had established, beyond a reasonable doubt, that he was " 'a major participant in the underlying felony who acted with reckless indifference to human life.' [Citations.]"**8** Because the Attorney

---

**7** (See *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 519 & fn. 4 (*Reygoza*) [criminal case in which the Court of Appeal assumed that an assertion made by respondent was correct because the "defendant did not dispute respondent's claim in his reply"]; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 (*Rudick*) [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)

**8** (See *Basler*, *supra*, 80 Cal.App.5th at pp. 54, 59; see also *Cooper*, *supra*, 77 Cal.App.5th at pp. 411, 417–418 [discussing the burden of proof at a § 1170.95 resentencing hearing, and indicating that whether a petitioner acted with reckless indifference to human life calls for an analysis of the petitioner's conduct and mental state, given that the petitioner's "knowledge

General maintains that Anderson was " 'a participant in the events in question[,]' " Anderson " 'may well have had something to say' " at the hearing concerning his actions and mental state.[9] Furthermore, the trial court may have been receptive to new or additional evidence concerning the circumstances under which the victim was killed, given that the court suggested in its oral ruling it was unsure who "fired the gun . . . ."[10]

Also, the Attorney General makes the following representations, which we deem to be true because Anderson does not contest them:[11] Anderson "had not testified at his trial[,] [citation] [t]he judge who decided [Anderson's] petition was not the same judge who presided over [Anderson's] trial," and "[t]he limited record provides no clue whether [Anderson], had he been given the opportunity to hear the People's evidence, would have decided to testify and present other evidence."

Under these circumstances, we cannot conclude beyond a reasonable doubt that had Anderson been afforded an opportunity to attend the resentencing hearing, the trial court would still have denied his section 1170.95 petition. (Cf. *Basler*, *supra*, 80 Cal.App.5th at pp. 59–60 [concluding that a violation of a petitioner's right to attend a § 1170.95 resentencing hearing

---

of the presence of weapons" and "actual use of a weapon" are relevant factors].)

[9] (See *Basler*, *supra*, 80 Cal.App.5th at p. 59.)

[10] Specifically, the trial court stated: "Irregardless [*sic*] of who fired the gun, [Anderson] is acting with reckless indifference to human life throughout this ordeal as long as it took."

[11] (See *Reygoza*, *supra*, 230 Cal.App.3d at p. 519 & fn. 4; *Rudick*, *supra*, 41 Cal.App.5th at pp. 89–90.)

was not harmless under *Chapman* because, even though the petitioner did not make an offer of proof as to what evidence he would have presented at the hearing, the Court of Appeal found that petitioner " 'may well have had something to say' " regarding his conduct and mens rea].)

For all these reasons, we reverse the order denying Anderson's section 1170.95 petition, and instruct the trial court to hold a new resentencing hearing at which Anderson may (a) appear and offer new or additional evidence, or (b) provide a knowing, intelligent, and voluntary waiver of his right to attend the hearing.  (See *Basler*, *supra*, 80 Cal.App.5th at pp. 60, 62 [utilizing a similar disposition].)

Lastly, we decline to pass upon the validity of defense counsel's stipulation permitting the trial court to utilize the factual summary from the prior appellate opinion.  In his opening brief, Anderson seems to argue that because he was deprived of his right to attend the resentencing hearing, the stipulation infringed his right to present testimony that supplemented and/or differed from the prior opinion's factual summary. Because our disposition of this appeal provides Anderson with an opportunity to present evidence at a new resentencing hearing, it is not altogether clear to us that the validity of the stipulation remains a matter of contention upon remand.  We thus express no opinion on the legality of the stipulation.  (See *People v. Watson* (2021) 64 Cal.App.5th 474, 489 [recognizing "the well-settled rule that courts should 'avoid advisory opinions on abstract propositions of law' "].)

## DISPOSITION

We reverse the July 23, 2021 order denying defendant Ray Lamar Anderson's petition for resentencing, and remand the matter to the trial court to hold a new resentencing hearing at which Anderson may (a) appear and present new or additional evidence in support of his petition, or (b) provide a knowing, intelligent, and voluntary waiver of his presence.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.